UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALAN MCMANN and DONNA MCMANN,

    Plaintiffs,

v.

AIR & LIQUID SYSTEMS CORPORATION, et al.,

    Defendants.

CASE NO. C13-5721 BHS

ORDER GRANTING MOTION TO REMAND

This matter comes before the Court on Plaintiffs Alan and Donna McMann's ("McManns") motion to remand (Dkt. 46). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 16, 2013, the McManns filed a complaint against numerous defendants, including Crane Co. ("Crane"), in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. 1 ("Comp").

On August 21, 2013, Crane removed the matter to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Dkt. 1, ¶ 6.

On September 6, 2013, the McManns filed a motion to remand. Dkt. 46. On September 23, 2013, Crane responded. Dkt. 50. On September 27, 2013, the McManns replied. Dkt. 51.

## II. FACTUAL BACKGROUND

The McManns allege that Mr. McMann developed mesothelioma by exposure to Crane's as well as other defendants' products that contained asbestos. Comp. at 2–3. In the instant motion, the McManns assert that the "*only* claims . . . maintained regarding naval asbestos products that Mr. McMann was exposed to relate to [Crane's] *failure to warn* about the hazards of asbestos." Dkt. 46 at 6 (emphasis in original).

Crane removed this matter on the basis of a federal officer defense. With regard to the failure to warn claim, Crane contends that

> Given the proof of significant Navy control over the warnings in conjunction with the Navy's significant knowledge of asbestos hazards, Crane Co. has established a colorable government contractor defense to [the McManns'] failure-to-warn and design-defect claims.

Dkt. 1, ¶ 13. Crane submitted two declarations in support of its assertion of "proof of significant Navy control." The first declaration is from Rear Admiral David Sargent, Jr. Dkt. 3. Although Mr. Sargnet provides extensive and detailed knowledge of Navy construction and procedures, he fails to identify any specific facts as to Navy specifications or warnings as to Crane's products that Mr. McMann may have been exposed to during his Navy service.

ORDER - 2

The other declaration is from Dr. Samuel Forman. Dkt. 5. Dr. Forman declares that he was selected to "become part of a team to locate, digest and organize government documents for production in asbestos litigation." *Id.* ¶ 9. Although he has extensive knowledge of such documents, he fails to cite any specific document relating to Mr. McMann's allegations.

### III. DISCUSSION

Crane bears the burden of establishing that removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). A party removing under 28 U.S.C. § 1442(a)(1) must show that (1) it is a "person" within the meaning of the statute, (2) there is a "causal nexus" between its actions, taken pursuant to a federal officer's directions, and plaintiffs' claims, and (3) it can assert a colorable federal defense. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

In this case, the McManns argue that Crane has failed to meet its burden on the second and third elements of the federal officer removal criteria. With regard to a colorable federal defense, Crane assets the "government contractor defense" because the Navy's procurement of military equipment preempts the McManns' failure to warn claims. Under this theory, the Supreme Court set forth a three-part test wherein the contractor must establish that

> (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

*Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988). Crane fails to meet its burden on each element of this test because its evidence is entirely speculative. Crane has not submitted a reasonably precise specification as to its relevant products. Crane has not submitted any evidence of conformity. Most importantly, Crane has failed to submit any evidence that it warned the Navy about the dangers of asbestos. While the Court agrees with Crane that it is not obligated to prove its case at this stage of the proceeding, Crane must produce more than speculation and hypothetical interactions. Based on Crane's submissions, the most that can be shown is that its contract with the Navy subjected it to precise specifications and, if it had warned the Navy, the Navy would have rejected that warning. The Court finds that such a showing fails to establish a colorable federal defense.

With regard to the causal nexus element, Crane fails to meet its burden on this element as well. As one court stated, a "contract with the government is not a one-way ticket to federal court." *Early v. Northrop Grumman Corp.*, 2013 WL 3872218, *6 (C.D. Cal. 2013). Because Crane has failed to allege any actual interaction regarding any actual product that Mr. McMann would have actually been exposed to during his service aboard the USS Firedrake from 1961–1965, Crane has failed to show any nexus, let alone a causal nexus. Therefore, the Court concludes that Crane failed to show that it is entitled to removal pursuant to 28 U.S.C. § 1442(a)(1).

# IV. ORDER

Therefore, it is hereby **ORDERED** that the McManns' motion to remand (Dkt. 46) is **GRANTED**.

Dated this 22nd day of October, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge